3:45pm

FILED
CLERK, U.S. DISTRICT COURT

OCT 17 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**Nicholas G. Christakis**
4 Vasa Street
Billerica, Massachusetts 01862
Email: Nickthegreek1@live.com
Phone: 978-726-0455
Appearing *pro se*

UNITED STATES DISTRICT COURT, C.D. CALIFORNIA,
NICHOLAS G. CHRISTAKIS, PLAINTIFF,
V.
MARK BURNETT PRODUCTIONS, MARK BURNETT, TRUMP PRODUCTIONS, LLC,
DONALD TRUMP, DEFENDANTS.

OCTOBER 16, 2008.

CV08-6864-GW (JTLx)

| | |
|---|---|
| NICHOLAS G. CHRISTAKIS, | ) Case No.: |
| | ) (General Civil) |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR GENERAL, SPECIAL,** |
| vs. | ) **COMPENSATORY AND EXEMPLARY &** |
| | ) **PUNITIVE DAMAGES, FOR:** |
| MARK BURNETT PRODUCTIONS, | ) |
| MARK BURNETT, | ) 1. DEFAMATION; |
| TRUMP PRODUCTIONS, LLC, | ) 2. TORTUOUS INTERFERENCE WITH |
| DONALD TRUMP. | ) AN ADVANTAGEOUS |
| | ) RELATIONSHIP; |
| Defendants. | ) 3. BREACH OF COVENANT OF GOOD |
| | ) FAITH. |
| _____ | ) |

I, Nicholas G. Christakis, the Plaintiff herein, declare that the following statements are true to the best of my knowledge, and if called to testify, I would competently attest to the following:

**I.   PARTIES**

1.   Plaintiff, Nicholas G. Christakis (hereinafter referred to as "Plaintiff"), is an individual and a resident of the Commonwealth of Massachusetts, residing at 4 Vasa Street, Billerica, Middlesex County, Massachusetts.

2.   Defendant, Mark Burnett Productions, Inc, (hereinafter referred to as "MBP"), and is a corporation duly organized under the laws of the State of California with its principal place of business at PMB 208, 9899 Santa Monica Blvd, Beverly Hills, California, 90212.

1

```
10/17/2008 3:51:49 PM  Receipt #: 112314
      Cashier : ABELLAMY [LA 1-1]
Paid by: NICK CHRISTAKIS
2:CV08-06864
2009-086900      5 - Civil Filing Fee(1)
Amount :                        $60.00
2:CV08-06864
2009-510300      11 - Special Fund F/F(1)
Amount :                       $190.00
2:CV08-06864
2009-086400      Filing Fee - Special(1)
Amount :                       $100.00
M.O.  Payment : P0458 /         350.00
```

01489772

3. Defendant, Mark Burnett (hereinafter referred to as "Burnett"), is a resident of the State of California.

4. Defendant, Trump Productions, LLC (hereinafter referred to as "TPL"), is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business at 725 5th Avenue, New York, NY 10022.

5. Defendant, Donald Trump (hereinafter referred to as "Trump"), is a resident of the State of New York.

## II.   JURISDICTION AND VENUE

6. This Court has diversity jurisdiction under 28 U.S.C. 1332. The action is between Plaintiff, a citizen of Massachusetts, and Defendants, citizens of California and New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Under 28 U.S.C. 1391(b) venue is proper in the United States District Court for the Central District of California because a substantial part of the events giving rise to the claim occurred within the District.

## III.   FACTS

8. On July 25, 2003, Plaintiff was chosen as a finalist for the Apprentice, a television show produced with the joint involvement of Defendants MBP and Trump.

9. MBP received over one million applications from aspiring participants.

10. On or about August 2003, Plaintiff was flown to Santa Monica, CA, by Defendant MBP for the final selection in connection with further eligibility for an appearance on said television show.

11. The prerequisites set forth by Defendants stated that in order to qualify and become a contestant on the Apprentice, the contender needed to possess the following qualifications: (1) to have been an entrepreneur, (2) to possess an ability to bounce back, (3) to possess a drive to succeed, (4) to be resilient.

2

12. MBP selected 50 finalists to stay one week at the Marriott Hotel in Santa Monica in order to reserve 16 contestants for the Apprentice.

13. Plaintiff was selected as one of the fifty finalists who participated in the final selection process for the Apprentice.

14. MBP, Burnett and their affiliates had interviewed Plaintiff in connection with the contest.

15. Plaintiff fully complied with all of the Defendants' requirements, rules, and regulations with respect to the credentials and requirements for the show.

16. Defendants TPL and Trump were not at the final casting. MBP and Burnett handled the interviews and final qualifications to be selected for the 16 remaining contestants.

17. Plaintiff had to complete additional applications and submit to a psychological test while in California.

18. Plaintiff fully cooperated with Defendants and answered all questions posited by MBP, Burnett and the psychologist with exhaustive candor.

19. MBP and Burnett had made defamatory, slanderous utterances about Plaintiff in the presence of the casting crew, people Plaintiff had engaged in business networking, and others.

20. MBP and Burnett engaged in repeated slander of Plaintiff. Defendants' actions negatively affected Plaintiff's reputation and esteem in front of other people present at and about the Marriott where the events took place, many of whom were engaged in business negotiations with Plaintiff at that time.

21. Resultant from these actions, Plaintiff suffered harmful effects, described, in part, below.

22. Defendants engaged in systematic actions in order to disqualify Plaintiff from the Apprentice.

23. Thereafter, Plaintiff had returned to his home in Massachusetts.

COUNT I: DEFAMATION

24. Plaintiff repeats, realleges and incorporates by reference all allegations contained in paragraphs 1-23, inclusive, as though expressly rewritten and fully set forth herein.

25. Plaintiff alleges that Defendants MBP, Mark Burnett, TPL and Trump have engaged in a pattern of conduct in August 2003 which amounted to defamation against Plaintiff.

26. During the relevant period in August, 2003, Plaintiff was in or about the hotel premises offered by Defendants to Plaintiff and other contestants. Additionally, a number of people who were directly or indirectly related to the production of the Apprentice were present, to wit: filming crews, other contenders, staff, and others. Many of the people present were important players in the entertainment and other industries and Plaintiff had engaged many of them in business networking.

27. Plaintiff had recognized this as an opportunity for business networking, and had engaged therein.

28. At one point during the relevant time period, Defendant began to systematically make disparaging and defamatory oral statements about Plaintiff in the presence of many of the aforementioned individuals. Throughout this time, Defendant engaged in this pattern to maximize exposure to his statements, to wit: he had engaged in defamation primarily when many of the aforementioned individuals were within hearing distance.

29. Defendant had made statements amounting to Plaintiff being not credible and unreliable, a bad risk and a high liability, as well as alleging Plaintiff's general incompetence.

30. Defendant had made those statements not as mere personal opinions, but as alleged statements of fact.

31. These statements had the effect of significantly lowering Plaintiff's esteem in the eyes of the people present during these episodes. The people present often were directly or indirectly related to Plaintiff's potential new employer, colleagues, business associates, business contacts, and others.

32. In lowering Plaintiff's reputation in front of them, Defendant eroded Plaintiff's prospective business advantage.

33. Most spectacularly, by engaging in a systematic, malicious, and unfounded slander campaign, Defendant had eventually

4

caused Plaintiff to be refused the participation on the Apprentice.

34. Additionally, by engaging in this slander campaign, Defendant caused Plaintiff to miss business opportunities as he was attempting to establish during his stay there.

## COUNT II: TORTUOUS INTERFERENCE WITH AN ADVANTAGEOUS RELATIONSHIP

35. Plaintiff repeats, realleges and incorporates by reference all allegations contained in paragraphs 1-34, inclusive, as though expressly rewritten and fully set forth herein.

36. Plaintiff alleges that Defendants tortuously interfered with Plaintiff's advantageous business relationship and prospective advantage by engaging in systematic defamation and slander which was the proximate and actual cause of the deteriorated relationships between Plaintiff and the relevant staff of the Defendant as well as others present at the hotel during the relevant time period in August, 2003.

37. Plaintiff further alleges that said systematic engagement in defamation had sabotaged Plaintiff's interview process and had ultimately resulted in Plaintiff's eventual dismissal from the competition.

38. Plaintiff alleges that as a result of the Defendants' tortuous interference with said advantageous relationships, Plaintiff had been damaged in the amount to be determined by the court, but in any case greater than $75,000.

## COUNT III: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiff repeats, realleges and incorporates by reference all allegations contained in paragraphs 1-38, inclusive, as though expressly rewritten and fully set forth herein.

40. For value received, Defendants had implied a fair competition among the finalists in order to select the participants in the Apprentice.

41. Fulfilling his obligations, Plaintiff diligently performed everything that was demanded of him by Defendants.

42. Defendants, however, had after a while engaged in a malicious persecution of Plaintiff by virtue of a methodical slander campaign.

5

43. The aforementioned slander campaign had become the cause of Plaintiff's eventual disqualification from the competition.

44. Defendant had acted with patent unfairness and malice by purposefully and repeatedly acting in such a way as to force Plaintiff out of the competition rather than submit to the impartial decision of the judges.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

45. Plaintiff repeats, realleges and incorporates by reference all allegations contained in paragraphs 1-44, inclusive, as though expressly rewritten and fully set forth herein.

46. Defendants be adjudged to have defamed and slandered Plaintiff.

47. Defendants be adjudged to have tortuously interfered with an advantageous business relationship.

48. Defendants be adjudged to have breached the covenant of good faith and fair dealing.

49. Defendants be adjudged to have caused Plaintiff damages in the amount to be determined by the Court.

50. Plaintiff have such other relief as the Court may deem proper.

Respectfully submitted on October 16, 2008,

By Nicholas G. Christakis, *pro se.*

6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Jennifer T. Lum.

The case number on all documents filed with the Court should read as follows:

## CV08- 6864 GW (JTLx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑) | **DEFENDANTS** |
|---|---|
| Nicholas G. Christakis<br>4 Vasa Street<br>Billerica Ma, 01862<br>Email: Nickthegreek1@live.com Phone: 978-726-0455 | Mark Burnett Productions<br>PMB 208, 9899<br>Santa Monica Blvd, Beverly Hills, California, 90212 |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Nicholas G. Christakis<br>4 Vasa Street<br>Billerica, Ma, 01862<br>Email: Nickthegreek1@live.com   phone: 978-726-0455 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
under 28 U.S.C. 1391 (b) and under 28 U.S.C. 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?   ☐ No   ☑ Yes

If yes, list case number(s): closed: 1:2006 cv 11149

**FOR OFFICE USE ONLY:**   Case Number:   CV08-06864-GW(JTLx)

CV-71 (07/05)                    **CIVIL COVER SHEET**                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b).  **RELATED CASES:**  Have any cases been previously filed that are related to the present case?  ☐ No   ☑ Yes

If yes, list case number(s): 1:2006 cv 11149

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☑ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Nicholas G. Christakis (Plaintiff)
   4 Vasa Street
   Billerica Ma 01862

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
   Defendant, Trump Productions, LLC
   725 5th Avenue, New York, NY 10022.

   Defendant, Donald Trump, resident of the State of New York
   725 5th Avenue, New York, NY 10022.

List the **California County**, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   Boston Massachusetts and Santa Monica CA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _signature_     Date _10/16/2008_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Nicholas G. Christakis, | CASE NUMBER |
| PLAINTIFF(S) | CV08-06864-GW (JTLx) |
| v. | |
| Mark Burnett Productions, Mark Burnett, Trump Productions, LLC, Donald Trump. | |
| DEFENDANT(S). | **SUMMONS** |

FOR OFFICE USE ONLY

TO:      DEFENDANT(S): _____ FOR OFFICE USE ONLY

A lawsuit has been filed against you.

        Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Nicholas G. Christakis, pro se _____, whose address is  4 Vasa Street, Billerica, Massachusetts, 01862 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

FOR OFFICE USE ONLY

Clerk, U.S. District Court

Dated: 10/17/08 _____

By: Hana Kashad

Deputy Clerk          SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*