**MADE JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6864-GW(JTLx) | Date | April 27, 2009 |
|---|---|---|---|
| Title | *Nicholas G. Christakis v. Mark Bunnett Productions, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | Gary L. Bostwick |

**PROCEEDINGS:**    **DEFENDANTS' MOTION TO DISMISS COMPLAINT AND EACH CLAIM THEREIN (filed 02/19/09)**

Hearing is held. Plaintiff, in pro per, is not present. The tentative circulated is hereby adopted as the Court's final ruling (attached).

Defendants' Motion to Dismiss Complaint and Each Claim Therein is **granted.** The above-entitled action is hereby **dismissed with prejudice.**

IT IS SO ORDERED.

|  | : | 02 |
|---|---|---|

Initials of Preparer    JG

<u>**Christakis v. Mark Burnettt Productions**</u>, Case No. CV-08-6864
Tentative Ruling on Motion to Dismiss Complaint

## I. BACKGROUND

Plaintiff Nicholas Christakis ("Plaintiff") brings this action in diversity against Defendants Mark Burnett Productions, Mark Burnett (together, the "Burnett Defendants"), Trump Productions, LLC, and Donald Trump (together, the "Trump Defendants") (collectively, "Defendants"). Plaintiff alleges that, in 2003, he applied to be a contestant on the television program, "The Apprentice" (the "Program"). Complaint ¶ 8-10. In August 2003, he traveled to Los Angeles to participate in the final selection process for the Program. Id. Plaintiff was one of 50 finalists from which 16 contestants for the Program were selected. Id. at ¶¶ 12, 13. During the selection process, Defendants allegedly engaged in "systematic actions" to disqualify Plaintiff from the show and made slanderous and defamatory statements about Plaintiff. Id. at ¶¶ 19-22. Plaintiff's Complaint alleges the following causes of action: (1) Defamation; (2) Tortious Interference with Prospective Economic Advantage; and (3) Breach of the Covenant of Good Faith and Fair Dealing.

Defendants filed a motion to dismiss on February 19, 2009, asserting that each claim asserted by Plaintiff is barred by the applicable statute of limitations, the doctrine of res judicata, and the doctrine of waiver or release. In addition, Defendants assert that Plaintiff states no facts which could support a claim against the Trump Defendants, and that each claim fails to state a claim against any of the Defendants for other reasons. Finally, they observe that the Burnett Defendants have not been served and that the time for service under Rule 4(m) has expired.

No opposition to Defendants' Motion to Dismiss has been filed. The deadline for filing an opposition passed on March 2, 2009. See Local Rule 7-9. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. For the reasons discussed below, Defendants' motion is also be granted on its merits.

## II. LEGAL STANDARD

Dismissal of a complaint is appropriate under FRCP 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a legal theory but fails to plead essential facts under that theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.1984). In deciding a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations as true. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's

-1-

claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

## III. REQUEST FOR JUDICIAL NOTICE ("RJN")

Defendants request that the Court take judicial notice of the following documents as described in the Declaration of Justin Morong: (A) Release, and Waiver, Agreement Not to Sue, and Indemnification and Hold Harmless Agreement (the "Waiver") executed by Plaintiff on or about July 31, 2003; and (B) Apprentice Applicant Agreement (the "Applicant Agreement") executed by Plaintiff on or about July 31, 2008. These documents, while not perhaps properly the subject of a request for judicial notice, may be considered in connection with the Motion to Dismiss because they are both referenced in and integral to Plaintiff's Complaint, and their authenticity has not been questioned by Plaintiff. See id. As Defendants observe, Plaintiff's Complaint refers to his purported compliance with the Program's "requirements, rules, and regulations," see Complaint ¶ 15 and to "applications" completed by him and other contestants, see id. at ¶¶ 9, 17 In addition, Plaintiff's third claim for breach of the implied covenant is based on the contractual relationship manifested in Exhibits A and B..

Defendants also request judicial notice of the following documents filed in the case of Christakis v. Mark Burnett Productions, Inc., et al., United States District Court for the District of Massachusetts, Case No.1:06-CV-11149 RCL (C) Docket Summary; (D) Amended Complaint and Jury Demand; (E) Declaration of Robert La Plante and attached exhibits; and (F) Judgment. These documents are judicially noticeable pursuant to Federal Rule of Evidence 201 not for the truth of the matters asserted, but to "to establish the fact of [the] litigation and related filings." Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991).

## IV. ANALYSIS

### A. Res Judicata

When sitting in diversity, a federal court must apply the claim preclusion law of the state in which it sits. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). California courts determine the preclusive effect of prior federal judgments by following federal preclusion rules. Id. Under federal law, claim preclusion applies if there is (a) an identity of claims; (b) a final judgment on the merits; and (c) identity or privity between parties. FTC v. Garvey, 383 F.3d 891, 897 (9th Cir. 2004).

In the Massachusetts Action, Plaintiff sued Defendants for, inter alia, defamation, tortious interference, and breach of the implied covenant of god faith and fair dealing, the same claims that are being asserted in this case. Even if there are identifiable differences between the two complaints, the doctrine "prohibits lawsuits on 'any claims that were raised or could have been raised' in any prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). It is clear from comparing the two Complaints that all of the claims in the current action could have been raised in the Massachusetts case. Accordingly, if the judgment in the earlier case were properly considered to be a judgment on the merits, it would be a complete bar to this action.

In dismissing the Massachusetts Action, the court there wrote:

> As part of the agreement by which the plaintiff became a contestant for participation in the defendants' prize-based reality television program, the plaintiff executed a document by which he waived his right to sue, and agreed not to sue, the defendants for claims of the kind asserted in the complaint. The waiver and covenant not to sue provisions are valid and enforceable and preclude the claims made here. Moreover, the plaintiff agreed with the defendants that all disputes or controversies arising from the agreement governing the relationship among the parties would be subject to arbitration. The arbitration clause is valid and enforceable and precludes the claims pursued in this lawsuit. Finally, the plaintiff agreed with the defendants that any lawsuit arising from the agreement by which their relationship was governed would be commenced only in Los Angeles County, California. This forum selection clause is valid and enforceable. For all of these reasons, the plaintiff may not prosecute the present action in this court. The clerk shall enter judgment dismissing this action and shall terminate the action on the court's docket.

Request for Judicial Notice, Exh. C, pp. 64-65. While the latter two grounds for dismissal cannot be construed as giving rise to a dismissal "on the merits," the first ground based upon the waiver and covenant not to sue provisions fairly clearly must be so construed. All of the elements of res judicata are therefore satisfied as to each of the claims in the current case.

## B. Waiver

In addition, for the same reasons stated in the Massachusetts Court's Order with respect to Plaintiff's execution of the waiver and covenant not to sue provisions, Plaintiff's claims would necessarily fail even if they had not been previously adjudicated. Plaintiff executed the Waiver and Applicant Agreement in anticipation of the final selection process. In doing so, Plaintiff agreed to a choice of law provision whereby the contract would be deemed entered into in Los Angeles, California and would be "governed by and interpreted in accordance with the laws of the State of California applicable to agreements executed and fully carried out in California." RJN Ex. B, ¶ 61; see also Ex. A, ¶ 24.

> For it to be valid and enforceable, a written release exculpating a tortfeasor from liability for future negligence or misconduct must be clear, unambiguous and explicit in expressing the intent of the parties. If a tortfeasor is to be released from such liability the language used must be clear, explicit and comprehensible in each of its essential details. Such an agreement, read as a whole, must clearly notify the prospective releasor or indemnitor of the effect of signing the agreement.

Madison v. Superior Court, 203 Cal.App.3d 589, 597-598 (1988) (citations and internal quotes omitted); see also Parafift, Inc. v. Superior Ct., 23 Cal.App.4th 748, 755 (1993).

Here, as Defendants observe, the waiver and release clauses, as well as the covenants not to sue, in the Waiver and Applicant Agreement appear capital letters, in bold face, and are set apart in their own paragraphs. See Ex. A, ¶¶ 12, 13; Ex. B, ¶¶ 34-35. Each release paragraph in the Waiver is separately initialed by the Plaintiff. Ex. A, ¶¶ 12, 13. The Waiver "unconditionally and irrevocably

release[d] and forever discharge[d]" Defendants from "any and all claims ... arising out of or in connection with [Plaintiff's] preparation for, participation and appearance in or elimination from the Series ... including without limitation claims for any injury ... damage, loss or harm to [Plaintiff] ... or [his] property," including without limitation claims for "breach of contract, breach of any statutory or

other duty of care owed under applicable laws, libel, slander [and] defamation." Ex. A, ¶ 13. This Court joins the District Court in Massachusetts in finding that the waivers and covenants not to sue were "valid and enforceable" as to Plaintiff's claims. Ex. C at 4.

   C.   Statute of Limitations
   As neither side has suggested that any other state's laws apply to Plaintiff's claims in this action, and California courts would find that California law applies, this Court looks to California law regarding the applicable statutes of limitations. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1187 (2001) ("A federal court sitting in diversity must look to the forum state's choice of laws rules to determine the controlling substantive law.") (citation omitted). In California, the statute of limitations for defamation is one year. Cal. Code Civ. Proc. § 340(c). A cause of action for defamation accrues, and the statute of limitations begins to run, when the purportedly defamatory statement is published to a party other than the plaintiff. Shively v. Bozanich, 31 Cal. 4th 1230, 1245-47 (2003). The statute of limitations for tortious interference with prospective economic advantage is two years. Knoell v. Petrovich, 76 Cal. App. 4th 164, 168 (1999) (referring to Cal. Code Civ. Proc. § 339(1)). The statute of limitations for the breach of the implied covenant and fair dealing founded on a written contract is four years from the alleged breach. C.C.P. § 337(1).
   Based upon the allegations in Plaintiff's Complaint, all of the claims asserted would have accrued in August 2003. The Complaint here was filed in October 2008. Its claims are clearly time-barred.

   D.   Other Bases for Dismissal
   Defendants also assert numerous other grounds for dismissing Plaintiff's claims. With respect to Plaintiff's defamation claim, they observer "Summary disposition is particularly favored in cases involving First Amendment rights." Baugh v. CBS, Inc., 828 F.Supp. 745, 752 (N.D. Cal. 1993) (citing Okun v. Superior Court, 29 Cal.3d 442, 460 (1981)). A complaint for libel or slander must plead the exact words constituting the alleged defamation. Des Grages v. Crall, 27 Cal.App. 313, 314-15 (1915) (affirming demurrer where plaintiff made only general allegations and failed to identify specific defamatory language); see also Franchise Realty Interstate Corp. v. San Francisco Local Jt. Executive Bd. of Culinary Workers, 542 F.2d 1076, 1082-83 (9th Cir. 1976) ("[W]here a plaintiff seeks damages or injunctive relief, or both, for conduct which is prima facie protected by the First Amendment, the danger that the mere

pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required."). Here, Plaintiff does not identify the exact words that constitute the alleged defamation, but, rather, vaguely alleges that some unspecified defendant made "disparaging and defamatory oral statements about Plaintiff ... amounting to Plaintiff being not credible and unreliable, a bad risk and a high liability, as well as alleging Plaintiff's general incompetence." Complaint ¶¶ 28-29. Moreover, as to the Trump Defendants, Defendants correctly observe that Plaintiff could not possibly state a claim for defamation, as the Complaint concedes that the Trump Defendants "were not at the final casting" when the allegedly injurious statements purportedly were uttered. See Complaint ¶¶ 16, 36, 40-42.

Defendants also persuasively argue that the alleged statements in the Complaint do not rise above the level of non-actionable opinion. In Underwager v. Channel 9 Australia, 69 F.3d 361 (9th Cir. 1995), the Ninth Circuit articulated a three part test under which Courts must consider (1) the "broad context" of the alleged statements, (2) their "specific context, ... analyzing the extent of figurative or hyperbolic language used and the reasonable expectations of the audience in that particular situation," and (3) "whether the statement itself is sufficiently factual to be susceptible of being proved true or false." 69 F.3d at 366. Under this strict constitutional test, if it were somehow to look past the bars of res judicata, statute of limitations, and waiver, the Court could easily conclude from the face of the Complaint that if fails to state a cause of action for defamation.

Similarly, Plaintiff's claim for tortious interference fails because it is grounded in the supposed defamation. "[T]he limitations that define the First Amendment's zone of protection ... apply to all claims whose gravamen is the alleged injurious falsehood of a statement." Blatty v. New York Times Co., 42 Cal. 3d 1033, 1042-43 (1986). In addition, it fails because Plaintiff has not alleged interference with a relationship with the probability of future economic benefit for the Plaintiff. See Della Penna v. Toyota Motor sales USA, Inc., 11 Cal.4th 376, 380 n.1 (1995). It may also suffer from other infirmities.

Plaintiff's claim for breach of the implied covenant also fails to state a claim. The implied covenant of good faith and fair dealing cannot be extended beyond the express terms of the contract. Foley v. Interactive Data Corp., 47 Cal.3d 654, 690 (1988). The covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of the agreement." Guz v. Bechtel Nat'l, Inc., 24 Cal.4th 317, 349 (2000). Here, the Agreements merely provided Plaintiff an opportunity to apply to become a contestant on the Program, and repeatedly stated that "Producer is not obligated to select" Plaintiff. See, e.g., Ex. B, ¶ 52. They did not impose a duty to select Plaintiff as a contestant or to speak of him in a kindly, respectful manner.

Finally, Defendants correctly note that Plaintiff still has not effected service upon the Burnett Defendants, although the 120 day deadline under Rule 4(m) has expired.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted. The Ninth Circuit has held that "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Janas v. McCracken (in Re Silicon Graphics Sec. Litig.), 183 F.3d 970, 991 (9th Cir. 1999). If the sole bases for dismissal were the pleading

defects and failure of service noted in § IV D, supra, leave to amend would be granted. It is clear, however, that the Complaint cannot be saved from the problems with the statute of limitations, waiver, and, especially, the res judicata bar. Accordingly, the Complaint is DISMISSED WITH PREJUDICE.